**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON**

**CRIMINAL ACTION NO. 5:18-CR-00019-DCR**

**UNITED STATES OF AMERICA**                                                                  **PLAINTIFF**

**V.**          **UNITED STATES'S RESPONSE TO DEFENDANT'S
OBJECTION TO THE PRESENTENCE REPORT**

**SCOTT W. SULIK**                                                                           **DEFENDANT**

\*   \*   \*   \*   \*

The United States of America hereby submits the following memorandum in response to the Defendant's objection to the presentence report. The Defendant objects to the imposition of a six-level enhancement under U.S.S.G. § 3A1.2(a), (b). For the reasons stated below, the United States requests that the Court apply the enhancement and adopt the presentence report's recommended offense level of 23.

The Sentencing Guidelines recommend a six-level enhancement where: (1) the victim was a government officer; (2) the offense of conviction was motivated by the victim's status as such; and (3) the applicable Chapter Two guideline is from Part A (Offenses Against the Person). *See* U.S.S.G. § 3A1.2(a), (b). In this case, there is no dispute that the victim, a member of Congress, was a government officer. There likewise is no dispute that the applicable Chapter Two guideline is U.S.S.G. § 2A6.2. The Defendant argues only that his actions were not motivated by the victim's status.

The official victim enhancement applies only in circumstances where "the offense of conviction was motivated by the fact that the victim was a government officer or employee, or a member of the immediate family thereof." U.S.S.G. § 3A1.2, cmt. 3. An offense motivated solely by a "personal dispute" would not qualify for the enhancement. *See id.* That said, "the official status of the victim need not be the sole or primary motivation for the offense." *United States v. Hopper*, 436 F. App'x 414, 429 (6th Cir. 2011)

In this case, the Defendant pleaded guilty to sending a series of threatening emails to an email account associated with Congressman L.G. There is no dispute that the Defendant's actions were motivated by a public statement in which L.G. called the White House Chief of Staff, General John Kelly, "a disgrace to the uniform he used to wear." [*See* Defendant's Objection to Presentence Report.] L.G. made this statement in response to General Kelly's stance on a political issue, as was widely reported at the time. *See., e.g.,* Alex Horton, et al.*,* Congressman: John Kelly is a 'disgrace to the uniform' and should resign over DACA decision*,* WASHINGTON POST, *at https://www.washingtonpost.com/ news/powerpost/wp/2017/09/06/congressman-wont-apologize-for-calling-kelly-a-disgrace-to-the-uniform/?utm_term=.37b29c36197a.* The Defendant claims that he would have made these threats to anyone who issued a similar statement, and that L.G.'s status as a congressman was irrelevant to his motivation.

The Sixth Circuit denied a similar argument in *United States v. Talley*, 164 F.3d 989 (6th Cir. 1999). In *Talley*, the defendant was convicted of soliciting the murders of a witness-informant and an FBI agent, and he received a sentencing enhancement for

targeting an official victim. *See id.* at 995, 1003. On appeal, the defendant argued that he wanted to eliminate witnesses in general, and that the victim's status as an FBI agent was irrelevant to his motive. *See id.* at 1003. The Sixth Circuit rejected this argument as "specious." *Id.* at 1003-04. The court reasoned that: (i) the defendant knew the victim was an FBI agent; and (ii) the victim was a potential witness precisely because of his official status as an FBI agent. *See id.* The defendant "was not motivated by mere personal animus, but specifically by the desire to eliminate an FBI agent who could testify against him at trial." *Id.* at 1004. The court held that this was sufficient for the enhancement. *See id.*

Similarly, the Defendant threatened L.G. because of the way that L.G. conducted himself as a congressman. L.G. criticized General Kelly over a policy issue. L.G.'s public statement was undoubtedly controversial, but it was also part of the political discourse in which members of Congress engage in the making policy. Thus, while the Defendant may have been motivated by personal anger over L.G.'s statement, he necessarily was also motivated by the way that L.G. carried out his official duties. For that reason, an official victim enhancement is appropriate.

Based on the foregoing, the United States respectfully requests that the Court impose a six-level enhancement under U.S.S.G. § 3A1.2(a), (b).

                                                   Respectfully submitted,

                                                   ROBERT M. DUNCAN, JR.
                                                   UNITED STATES ATTORNEY

        By: <u>s/ Andrew T. Boone</u>
           Andrew T. Boone
           Assistant United States Attorney
           260 W. Vine Street, Suite 300
           Lexington, Kentucky 40507-1612
           Phone:  (859) 685-4841
           Fax:  (859) 233-2747
           andrew.boone2@usdoj.gov

## **CERTIFICATE OF SERVICE**

On August 28, 2018, I electronically filed this motion through the ECF system, which will send the notice of electronic filing to:

>Rachel D. Yavelak
>*Attorney for Scott Sulik*

>s/ Andrew T. Boone
>Assistant United States Attorney