UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

ACTION NO: 18-CR-19-DCR                                    ELECTRONICALLY FILED

UNITED STATES                                                              PLAINTIFF

VS.

SCOTT W. SULIK                                                             DEFENDANT

**SENTENCING MEMORANDUM
ON BEHALF OF SCOTT SULIK**

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

Comes now the Defendant, Scott Sulik, by and through counsel, and hereby submits the following Sentencing Memorandum in support of his Motion for Relief under *18 U.S.C. §3553(a)(2)*.

In this case, Mr. Sulik admitted his guilt to cyber stalking under *18 U.S.C. §2261A(2)*. He did so in a timely manner, and in doing so, kept the Government from the expense of trial. From the beginning, Mr. Sulik took responsibility for his actions. He acknowledged the wrongfulness of his conduct. Mr. Sulik heard a comment from a person that denigrated a gold star family. He took offense at the comment considering the sacrifices made by such a family, and his former military career. Unfortunately, he chose to express his disgust in an inappropriate and criminal

manner. However, he has learned his lesson.

While it is not disputed that the emails were inappropriate and rose to the level of criminal liability, there is also no evidence that Mr. Sulik ever went anywhere near L.G. or had any intention on acting on the statements in his emails. Even though that does not minimize the statements in the emails, Mr. Sulik did not attempt to carry out anything said in the emails.

Upon review of his PSI, Mr. Sulik does not have a lengthy criminal history. However, he does have two outstanding warrants which will need to be dealt with by him. He had been working hard to assist his wife in her equine training, and he also works at day trading. Mr. Sulik is passionate about his country, and he is dedicated to his wife. He served honorably in our military, and he has significant medical problems most of which are set forth in the Presentence Investigation Report.

He has rods in both legs as wells as plates and screws in his left hand and wrist, and he tends to stay in pain on a daily basis. However, he states that he has not been taking prescription pain medication for those injuries.

While this is a serious crime, Mr. Sulik has not been convicted of a crime since 2007. Granted there are two outstanding warrants from 2010 and from 2012, and he is presently defending another charge in this District that rose from the investigation in this case.

Mr. Sulik's guideline range is 46-57 months. Imposing a sentence that provides adequate deterrence and protects the public is important. However, in fashioning that sentence in this case, Mr. Sulik's limited criminal history, his love for his wife and the support he will have from her, hopefully weigh in favor of some leniency. Also, while the behavior to which he pled is clearly not acceptable, he did not act on any of the emails.

In just doing an internet search regarding similar types of crimes, the following was found: Rene Boucher, who attacked R.P. was sentenced to 30 days, a year probation and a $10,000.00 fine. In August of 2011, a man was sentenced to 8 months in prison for threatening to kill U.S. Representative J.M. On May 11, 2018, a man was sentenced to 40 months in prison for threatening to assault and to murder a U.S. Official, S.S. in Ohio. A man in Tennessee received four (4) months incarceration for threatening to burn down U.S. Congressman, J.B's, house. In April of 2018, a man received 15 months for leaving threatening voice mails on the machine for U.S. Rep. M.M. Also, the man (A.S.) who threatened to kill, M.W., a U.S. Representative received six (6) months of house arrest in July of 1018. While, the contents of the plea agreements and each defendant's criminal history is not known, it does seem that a sentence below the guidelines in this case might not be an unwarranted departure.

Mr. Sulik has been a productive member of society before, and he has the

support as well as vocational skills that will enable him to be so again. He also has previously evidenced respect for the law and the ability to follow directions which should increase the likelihood of him being successful upon release. These facts do not negate the wrongfulness of his actions, however, they are factors that can be taken into consideration in fashioning an appropriate and just sentence.

Thus, considering all of the factors set forth in *18 U.S.C. §3553(a)(2)* as well as the information contained in the Presentence Investigation Report and in this Memorandum, it seems as though a sentence below the guideline range would be sufficient but not greater than necessary to achieve the purposes of *3553(a)*.

## CONCLUSION

Wherefore, as at the time of sentencing, and taking into account all of the information set forth above and set forth in the Presentence Investigation Report, Mr. Sulik would respectfully request that this Court vary downward from the amount of time he is facing. He would request no more than 24 months on Count 1. He would also request that this Court recommend that he be incarcerated in a facility as close to his family as possible ( possible FMC due to his medical problems) and for a medical examination. It seems very arguable that such a sentence would be sufficient but not greater than necessary to promote the statutory objectives as set forth above.

    Respectfully submitted,

    OELTGEN & D'AMBRUOSO, PLLC
    120 North Mill St., Suite 300
    Lexington, Kentucky 40507
    (859) 523-1606


    BY: /s/ RACHEL D. YAVELAK

## CERTIFICATE OF SERVICE

I hereby certify that on this the 28th day of August 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to Hon. Andy Boone.

    /s/ Rachel D. Yavelak